# Holmes, Brown & Co. *vs.* Mallett.

### *Error to Lee.*

Where a note was executed in Illinois by a minor, who sets up the defence of infan-
cy on the trial, it is not necessary for him to prove that by the laws of Illinois,
minors are not liable on their general contracts.

Exemption from liability in such cases is a part of the common law.

Emigrants bring with them the common law of the parent country.

The courts will judicially take notice of matters of general history. They will
not require proof to show that Illinois was settled from countries where the com-
mon law prevails.

The suit was brought on a promissory note executed in Illinois by
the defendant, then a minor.    The case was submitted to the court.—
The defendant resorted to infancy as a defence, and in this was sustain-
ed by the court, notwithstanding the laws of Illinois in relation to the
liabilitiy of minors on their contracts was not proved.

BY THE COURT, MASON, CHIEF JUSTICE.—This action was brought
on a promissory note executed in the State of Illinois by the defendant,
then a minor.    In the court below the right of a trial by jury was
waived, and the case submitted to the court.    The plaintiff's counsel
moved for judgment,

1. Because the defendant ought to have proved that by the laws of
Illinois he would have been discharged from the payment of the note.

2. Because the contract being merely voidable, the defendant should
have disaffirmed the same within a reasonable time after he became of

---

*The pleas in this case were *nil debet,* want of consideration and failure of con-
sideration.    There was no plea of illegality.

age.   Both these motions were overruled by the court and judgment rendered for the defendant.

The main question is as to the necessity of proving the laws of Illinois, in order that the defendant may under them claim exemption from liability on his note.   The cases cited are not directly in point.   The two most nearly parallel are that of Male vs. Roberts referred to in Comyn on Contracts, p. 626, and that of Thompson vs. Ketchum 8 Johnson's Reports, 189.   The former was a suit instituted in England, on a note executed by an infant in Scotland.   The latter was on a note given in Jamaica and sued in the State of New York.   In both of the above cases it was deemed necessary for the defendants to prove the *lex loci* in order to derive the benefit thereof; upon the ground that the court could not declare that by the laws of the foreign State where the notes were executed, infancy was a bar to actions thereon.   We think the present case very different from these.

That infancy would be a valid defence to an action on an ordinary promissory note executed in this territory, no one has ever doubted, and yet where do we find any statute law to that effect.   We have searched the acts of our territorial legislature and can find none.   It is common law derived from different sources, if not from the principle that emigrants carry with them the common law of the country from which they emigrated, at least from the ordinance of 1787 through the medium of the organic acts of Wisconsin and Iowa.   In whichever of these modes the law finds its way here, it has also been introduced into Illinois and in such a manner that our courts can judicially take notice thereof.

The ordinance of 1787 is made part of the fundamental law of this territory.   At the time of its passage the Common Law not only of England, but of all the States of the Union, declared infancy to be a valid defence, to actions on contracts of this nature.   That ordinance seems to contemplate the extension (in a general way) of all the benefits of the common law to the territory northwest of the Ohio river, including the State of Illinois.   This court can therefore legally know to some extent what is the law of Illinois in this particular.

But independently of the ordinance of 1787, we should feel justified in coming to the same conclusion.   Matters of national history are recognized by courts of justice.   That the United States were originally colinized from England; and Illinois from those colonies or the States formed from them, are matters which need not be pleaded or proved.   That emigrants carry with them the common law of the mother country is also well settled law.   Between England and Scotland, or New York

and Jamaica the circumstances were entirely different. The cases above cited therefore, do not form precedents which should govern us here.

The other point is of less importance. The infant who executes a promissory note is not bound to disaffirm the contract until he is called on for the money. In order to bind himself he must do some act in affirmance, after he becomes of age.

The judgment of the court below will therefore be affirmed.